UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE GIRON,<br><br>               Plaintiff,<br><br>        v.<br><br>LINE FINANCIAL HEALTH NETWORK,<br><br>               Defendant. | Case No.  24-cv-03096-EMC<br><br>**ORDER GRANTING CROSS MOTIONS FOR SUMMARY JUDGMENT; HOLDING IN ABEYANCE MOTION TO WITHDRAW**<br><br>Docket Nos. 32, 33, 34 |

Plaintiff Joe Giron, a professional photographer, sued Defendant Line Financial Health Network for direct copyright infringement of a single photograph of Kurt Cobain.  Before the Court are the parties' cross motions for partial summary judgment.  Dkt. Nos. 32, 33.  Plaintiff seeks partial summary judgment on prima facie copyright liability.  Dkt. No. 32.  Defendant seeks partial summary judgment on willfulness, actual damages, and profits.  Dkt. No. 33.  Having considered the briefing and oral argument, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to prima facie copyright liability and **GRANTS** Defendant's Motion for Summary Judgment on lack of actual damages, lack of recoverable profits, and lack of willfulness.

Also before the Court is the Motion to Withdraw of Morgan Pietz, Defendant's sole counsel.  Dkt. No. 34.  At an *in camera* hearing, Mr. Pietz and Line Financial Health, through its representative Akshay Krishniah, agreed that Mr. Pietz will remain counsel to Line Financial at least through mediation.  The Court accordingly holds Mr. Pietz' Motion to Withdraw in abeyance.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.     BACKGROUND

Plaintiff Joe Giron is a professional rock and roll photographer.  Dkt. No. 32-2 at ¶ 4-6, Declaration of Joe Giron (Giron Dec.).  On November 22, 1993, Plaintiff published a photograph of musical artist, Kurt Cobain (the Photograph).  Giron Dec. ¶ 10.  In shooting the photograph, Plaintiff made creative decisions including the choice of film and lens, and the selection of F-stop and shutter speed.  *Id.* ¶ 12; *id.* at Ex. 1.  The Photograph was registered by the USCO on April 23, 2020, under Registration No. VA 2-204-839.  *Id.* ¶13; *id.* at Ex. 2 (Copyright Registration).



Defendant Line Financial Health Network is a corporation that provides financial advice and offers a financial app, Beem.  Defendant owns the website useline.com, where it runs a blog.  Dkt. No. 32-3, Declaration of Jacqueline Mandel (Mandel Dec.), at Ex. 1 (Defendant's RFA Responses), RFA 3, RFA 7, RFA 8.  Defendant's team responsible for the blog posts included independent contractors.  *Id.* at Ex. 2 (Defendant's Verified ROG Responses)*, ROG 15.  When new independent contractors joined the team, Defendant instructed these contractors to only use photographs that were "free to use."  *Id.*  Defendant has not been able to locate any memorialization of this policy.  *Id.*

In February of 2023, the Photograph appeared on a useline.com blogpost with the text "Remember Kurt Cobain on his birthday. Also remember to file your taxes! it's free!"  Giron Dec. ¶ 17; Ex. 3; Mandel Dec. at Ex. 2, ROG 4 (identifying useline.com as a website where Defendant

United States District Court
Northern District of California

posted, distributed, displayed, or referenced the Photograph).  One of Defendant's contractors had downloaded the Photograph from a website called WallpaperCave, Dkt.  Mandel Dec. at Ex. 2, ROG 8, ROG 12.  The contractor thought the photograph was free to use because it was on a free wallpaper website.  *Id.*  ROG 12.  Defendant then cropped the photograph, and overlaid text, shaded boxes, and various icons.  *Id.,* ROG 11.



Plaintiff became aware of the post containing the Photograph on March 16, 2023.  Giron Dec. ¶ 21.  Plaintiff never authorized or licensed Defendant to use the Photograph.  *Id.* ¶ 19; Mandel Dec., Ex. 2, RFA 1.  When Defendant received notice of the potential infringement, it took the Photograph down.  Dkt. No. 33-1 ¶ 6, Declaration of Morgan Pietz.

Procedural History

Plaintiff filed suit on May 22, 2024 and Defendant answered on September 17, 2024.  Dkt. No. 1, 10.  At an August 5, 2025 status conference, the parties indicated that they wished to file cross motions for summary judgment.  Dkt. No. 31.  The Court directed the parties to file these cross motions with final briefs due on November 20, 2025 and a hearing on December 4, 2025.  *Id.*  The Court also directed the parties to "exchange documents and information on issues such as

profits, viewership, and licensing." *Id.* On October 24, 2025, Defendant made a two-document production of its Quickbooks records. Dkt. No. 33-1 ¶ 5. Plaintiff produced nothing. *Id.* ¶ 3-4.

Rather than following the Court's briefing schedule, on November 19, a day before Plaintiff should have filed his *final* brief, Plaintiff filed an opening brief seeking summary judgment on liability. Dkt. No. 32. Plaintiff did not confer with Defendant before filing. Dkt. No. 33-1 ¶ 2. The same day, Defendant filed an opposition and a cross motion for summary judgment on willfulness, actual damages, and liability. Dkt. No. 33. On December 10, Plaintiff filed a reply in support of its motion for summary judgment and a short opposition to Defendant's cross motion. Dkt. No. 36. Defendant did not file a reply.

On November 19, 2025, Mr. Pietz, the sole attorney for Defendant, filed a motion to withdraw, citing irreconcilable breakdown of the attorney-client relationship. Dkt. No. 34. The Court ordered Mr. Pietz to submit *in camera* a further explanation of his reasons for withdrawal. Dkt. No. 39. Mr. Pietz did so on January 16. Dkt. No. 41, 42. On January 22, the Court conducted an *in camera* hearing at which Mr. Pietz and Mr. Akshay Krishniah, CEO of Defendant, appeared.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment [to a moving party] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

Where a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a

United States District Court
Northern District of California

showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where a plaintiff moves for summary judgment on claims that it has brought (*i.e.*, for which it has the burden of proof), it "must prove each element essential of the claims . . . by undisputed facts." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 607 (N.D. Cal. 1992); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (stating that, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis omitted).

A party's assertion of a fact as undisputed must be supported by materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. Pr. 56(c)(1)(A).

### III.   DISCUSSION

#### A. Plaintiff Is Entitled to Summary Judgment on Prima Facie Copyright Infringement[1]

To establish a prima facie case of direct copyright infringement, a plaintiff (1) "must show ownership of the allegedly infringed material" and (1) "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Under 17 U.S.C. § 401(c), a certificate of registration establishes a rebuttable presumption of ownership, originality, and validity in the Photographs. *See* 17 U.S.C. § 410(c); *see also United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011).

---

[1] Defendant argues that Plaintiff's motion should be denied as untimely under the Court's briefing schedule. While Defendant is correct that the motion was untimely, Defendant was not ultimately prejudiced by the delay and further delay would not serve the interests of judicial economy, nor, indeed, of Defendant, given Mr. Pietz' pending motion to withdraw.

United States District Court
Northern District of California

As to authorship and ownership, Plaintiff has submitted a declaration stating that he shot the Photograph and describing the creative choices he made in shooting it, and has produced a copyright registration to the Photograph in his name. Giron Dec. ¶ 10, 12; *id.* at Ex. 2. Defendant has presented no evidence calling into question Plaintiff's authorship, the originality of the Photograph, or the validity of his registration. Plaintiff's copyright registration is thus sufficient, under the presumption, to establish his ownership.

As to the second prong of direct infringement, Defendant has admitted in its verified discovery responses that its contractor downloaded the Photograph from the website WallpaperCave, Mandel Dec. at Ex. 2, ROG 8, ROG 12; that Defendant cropped the photograph, overlaid text, shaded boxes, and various icons, *id.* ROG 11; that Defendant posted, distributed, displayed, or referenced the Photograph on useline.com, a site which it owns, *id.* ROG 4, *id.* at Ex. 1, RFA 3; and that Defendant did not obtain any express license to use the Photograph from plaintiff, *id.* RFA 1. These actions constitute violations of Plaintiff's exclusive rights of reproduction and display. 17 U.S. Code § 106.

Defendant does not provide any dispute of material fact on these points. Instead, Defendant contends that Plaintiff's evidence is inadmissible and that Plaintiff fails to address Defendant's affirmative defenses of unclean hands and copyright misuse.

On admissibility, Defendant attacks the authenticity of the Plaintiff's exhibit 3, which shows the Photograph as it purportedly appeared on Defendant's website.[2]

---

[2] Defendant also argues that the exhibit should be struck because it was not produced in discovery, but the exhibit was included in Plaintiff's original complaint, so Defendant had notice of it.



Defendant argues that Mr. Giron's declaration does not indicate that he personally viewed the Photograph on Defendant's website and argues that Plaintiff could not establish foundation for the document at trial.  Whether Exhibit 3 or Mr. Giron's declaration as to when it appeared is admissible, Plaintiff has sufficient admissible evidence from Defendant's own verified discovery responses, which admit to downloading and posting the Photograph (with slight alterations), to carry his burden as to direct infringement.  Defendant presents no dispute of material fact on any of these points.

Defendant's argument on affirmative defenses also has no merit.  A copyright defendant "cannot defeat summary judgment simply by referencing an affirmative defense pled in [its] Answer." *Aardwolf Indus., LLC v. Abaco Machs. United States, Inc.*, No. CV 16-1968-GW(JEMx), 2017 U.S. Dist. LEXIS 222669, at *41 (C.D. Cal. Nov. 13, 2017).  Defendant, not Plaintiff, has the burden of proof on its affirmative defenses, and thus Plaintiff is not required to preemptively disapprove all of Defendant's affirmative defenses in its motion for summary judgment on liability. *Id.* at *35.

Plaintiff has satisfied his burden to make a prima facie case for liability, and Defendant has not provided countervailing evidence that creates any dispute of fact.  The Court **GRANTS** Plaintiff's motion for summary judgment on prima facie copyright infringement.  Defendant remains free to raise its affirmative defenses should this case proceed further.

United States District Court
Northern District of California

7

**B. Defendant Is Entitled to Summary Judgment on Lack of Actual Damages and Profits**

Under the Copyright Act, "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). A copyright owner may always elect to recover statutory damages instead of actual damages and profits. § 504(c)(1).

1. Actual Damages

"Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). "Hypothetical-license damages also constitute an acceptable form of 'actual damages' recoverable under Section 504(b)." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014). However, unless there is evidence establishing an objective fair market value for the license, an award of hypothetical license damages is unduly speculative. *Id.* at 1088-1089. Plaintiff bears the burden of showing "a causal link between the infringement and the monetary remedy sought." *Polar Bear*, 384 F.3d at 708.

Plaintiff has presented no evidence of actual damages. The only evidence that Plaintiff provides that relates at all to actual damages is a declaration from Plaintiff that "If an infringer steals one of my photographs, it diminishes my ability to license that image exclusively to someone who would pay for it – thus diminishing the value of future licenses." Giron Dec. ¶ 7. In its August 5 Minute Order, the Court directed the parties to exchange documents and information on issues including "licensing." Dkt. No. 31. According to Defendant (and Plaintiff does not state otherwise), Plaintiff never produced any "licensing comps or other damages evidence." Dkt. No. 33-1 ¶ 3. And in his response to Defendant's motion, Plaintiff does not point to any evidence of actual damages he has incurred or otherwise argue that he has incurred such damages. Dkt. No. 36. Moreover, Plaintiff's claim that a single publication of the Photograph in a blogpost advertising tax services – with no relation to music generally or Cobain particularly and for which

8

there is no evidence of notoriety – would materially impair Plaintiff's ability to license this work to others appears unduly speculative. *See Oracle Corp.,* 765 F.3d at 1088.

Plaintiff has failed to show actual damages. The Court **GRANTS** summary judgment to Defendant on lack of actual damages.

### 2. Infringer Profits

In addition to losses suffered by the copyright holder, the plaintiff may be entitled to profits made by the infringer from use of the protected work. 17 U.S.C. § 504(b). In this regard, the Ninth Circuit has distinguished between "direct profits" that are generated by selling an infringing product and "indirect profits" — revenue that has a more attenuated nexus to the infringement. *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002). "[T]o survive summary judgment on a demand for indirect profits pursuant to § 504(b), a copyright-holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement." *Id.* at 915-16.

Direct profits are not at issue here – there is no allegation that Defendant sold the Photograph or otherwise directly profited from it. Plaintiff's theory for indirect profits seems to be that by posting the Photograph on its blog, Defendant generated clicks for its tax filing application, which produced revenue, some portion of which is attributable to the photograph. Yet Plaintiff has not proffered *any* evidence, much less non-speculative evidence, to support this theory, and Defendant has provided countervailing evidence in its verified discovery responses. Defendant denied that it ever received a financial benefit from the ownership or operations of the useline blog. Mandel Dec. at Ex. 1, RFA 7. Defendant maintains that no revenue, sales, or profits were earned from the post containing the Photograph. *Id.* at Ex. 2, ROG 13. Defendant also submitted that the post with the Photographs received zero hits or clicks (although it must have been viewed at least once when Plaintiff or his agents discovered the infringement). *Id.* ROG 17. Finally, Defendant produced QuickBooks financial records showing that the tax service mentioned by Plaintiff "had substantially more expenses than it brought in revenue." Dkt. No. 33-1 ¶ 5; Dkt. No. 44. The QuickBooks page submitted by Defendant shows expenses that far exceed

9

revenue, indicating a lack of profits. Dkt. No. 44.

Plaintiff has failed to proffer any evidence, much less non-speculative evidence of a causal connection between the infringement and Defendant's profits (if any). The Court **GRANTS** summary judgment for Defendant on lack of profits attributable to the infringement.

In sum, Plaintiff is not entitled to actual damages or infringer profits even if he were to prove his copyright claim.

### C. Defendant Is Entitled to Summary Judgment on Willfulness

Willfulness is relevant when the Plaintiff elects for statutory damages. "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S. Code § 504(c)(2). Conversely, "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id.*

Defendant seeks summary judgment on willfulness, on which Plaintiff has the burden of proof. To prove willfulness, a plaintiff must show (1) that a defendant had actual awareness of the infringing activity, or (2) defendant had reckless disregard or willful blindness to the copyright holder's rights. *ZHT v. Zillow Grp.*, 918 F.3d 723, 748 (9th Cir. 2018). "No caselaw supports a willfulness standard so low that a company with an active anti-infringement policy that took action against any alleged infringement—albeit upon receiving notice—is deemed to have acted recklessly or been willfully blind." *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587-SVW-KS, 2017 U.S. Dist. LEXIS 180285, at *11 (C.D. Cal. Oct. 27, 2017). Although willfulness is "not usually susceptible to summary judgment," "where the relevant facts are admitted or otherwise undisputed, willfulness can be appropriately resolved on summary judgment." *UMG Recordings v. Disco Azteca Distribs.*, 446 F.Supp.2d. 1164, 1174 (E.D. Cal 2006).

Here, Defendant obtained the Photograph by downloading it from a website with the url https://wallpapercave.com/w/wp2504901. Mandel Dec. at Ex. 2, ROG 8, ROG 12. The website is

United States District Court
Northern District of California

United States District Court
Northern District of California

called WallpaperCave and describes itself as "the largest collection of high quality wallpapers that you can find online." https://wallpapercave.com/about.  The Court takes judicial notice that the Photograph is currently available at this link for free download with no visible copyright management information.  Fed. R. Evid. 201.   Defendant's policy was to instruct independent contractors who joined the blog post team to only use photographs that were free to use.  Mandel Dec. at Ex. 2, ROG 12.  Though Defendant was not, after a diligent search, able to find any documents or written communications reflecting this policy, *id.,* Plaintiff presents no evidence to the contrary.  Defendant claims that the independent contractors who downloaded the photograph from WallpaperCave "understood that the photographs were free to use such that there was an implied license, because the photographs were on free wallpaper websites." *Id.* (sic).  According to counsel's declaration, "As soon as Line PBC found out about alleged infringement claims related to its website it took down all photos identified as potentially infringing, including the Giron photo at issue in this case." Dkt. No. 33-1 ¶ 6.  Counsel knows this because he personally checked the link listed in the complaint shortly after the complaint was filed.  *Id.*  Plaintiff, despite criticizing this assertion as only supported by the declaration of counsel, does not contest that Defendant did indeed immediately take down the Photograph upon receiving notice.  Dkt. No. 36 at 10.

Plaintiff's only argument for willfulness is that "[t]o refute evidence of willful infringement, [the defendant] must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief." *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).  But this argument mischaracterizes *Peer*.  In *Peer*, the plaintiff had presented evidence that the defendant received a letter revoking its rights to use the copyrighted works but continued to use them anyway.  *Id.* at 1335.  This was the concrete evidence of willfulness that defendant needed to refute by establishing its good-faith, reasonable relief that its conduct was innocent.  Unlike in *Peer*, Defendant did remove the Photograph once it received notice, and Plaintiff has not otherwise presented evidence evincing Defendant's willfulness.  The record demonstrates that Defendant obtained the Photograph from a website that purported to offer free wallpaper, that Defendant had at least some form of anti-

11

infringement policy (albeit an imperfect one), and that Defendant promptly took down the infringing Photograph upon receiving notice of infringement.[3]

Plaintiff, who bears the burden, has failed to present evidence of willfulness beyond the mere fact of Defendant's infringement, and Defendant has presented evidence supporting its lack of willfulness.  The Court **GRANTS** Defendant's motion for summary judgment on lack of willfulness.

Plaintiff's opposition appears to misconstrue Defendant's motion on willfulness as a motion for summary judgment as to so-called innocent infringement, on which *Defendant* has the burden.  But Defendant has not sought summary judgment on this, so whether Defendant's infringement was innocent remains at issue.

## IV.    CONCLUSION

The Court **GRANTS** summary judgment to Plaintiff as to prima facie copyright infringement and **GRANTS** summary judgment to Defendant as to lack of actual damages, lack of profits, and lack of willfulness.

The parties are directed to complete mediation and submit a status report by **March 24, 2026**, in advance of a further Case Management Conference on **March 31, 2026 at 2:30 p.m**.  If the case has not settled at this time, the Court will revisit Mr. Pietz' Motion to Withdraw, which it holds in abeyance.

**IT IS SO ORDERED**.

Dated: 2/4/2026

_____
EDWARD M. CHEN
United States District Judge

[3] It should be noted that, despite knowing that the Photograph is available on the WallpaperCave website as a free download, Plaintiff appears not to have effectuated its removal therefrom.